# Richmond.

## HECHLER'S EXECUTRIX V. KEMP, TREASURER.

### March 21, 1918.

1. COUNTIES—*School Districts—Recovery of Money Belonging to County Retained by Treasurer.*—Upon the annexation of part of the territory of Henrico county by the city of Richmond, of the sum decreed to be paid by the city to the county in compensation for the land and property taken, $133,158.63 was the ascertained value of certain property held by several of the district school boards of the county. The entire amount due by the city for all territory and property taken over was decreed to be paid to the county, and was received by the county treasurer. By resolution of the board of supervisors the treasurer was directed to place to the credit of each of the district school boards its proportionate part of the fund received by the county from the city on account of the school property taken. This entire fund decreed to be paid to the county of Henrico was in terms included in section 862, Code of 1904, by the designation of "all money belonging to the county," and was recoverable on motion under section 865, Code of 1904. The apportionment among the several district school boards of that part of the fund which represented the purchase price of county school property was proper and within the authority of the board of supervisors to direct. In the absence of such apportionment, unquestionably the failure of the treasurer to pay over this money to his successor in office would have been a breach of official duty for which he and his surety would have been liable, and the fund would have been recoverable for the use of the county by motion in the mode prescribed by section 865, Code of 1904. And it is equally clear that after apportionment, it was so recoverable for the use of the several district school boards.

2. COUNTIES—*School Districts—Recovery of Money Belonging to County Retained by Treasurer—Construction of Section 865, Code of 1904.*—The language of section 865 is too plain to call for construction. It declares, in such cases, that the motion shall be brought "at the relation of his successor, for the use of * * * the county, district, county school board, or district

school board, as the case may be * * *." The fund in dispute being moneys required by section 862 to be paid by the retiring treasurer to his successor in office, it is recoverable on motion brought in the name of the successor in office of the retiring treasurer, suing at the relation of and for the use of all the district school boards interested in the controversy, against the former treasurer and the surety on his official bond.

3. COUNTIES—*Remedy Against County Treasurer—Construction of. Section 865, Code of 1904.*—The statute is remedial and even if doubtful should be liberally construed in furtherance of the remedy. But it is too plain to render the application of this rule of construction necessary.

4. COUNTIES—*Treasurer—Remedy Against—Construction of Sections 862 and 865, Code of 1904—Construction of Statutes in Pari Materia.*—Sections 862 and 865, Code of 1904, are contained in chapter 37 of the Code, which deals with the duties of county and city treasurers, and prescribes remedies against them and their bondsmen for the breach of such duties. The two sections bear reciprocal relations to each other, and to some extent are interdependent. In these circumstances they must be considered together to maintain congruity of construction and to make the provisions of both effectual. For it is a general rule of construction of statutes, that, as far as practicable, whatever is necessary to give them efficiency should be supplied.

5. COUNTIES—*Treasurer—Compensation.*—Code of 1904, section 1449, as amended by Acts 1908, chapter 309, provides that the county treasurer unless otherwise specially provided, shall receive such compensation as the county school board may determine for handling school funds; provided, that the same shall not be more than cne per centum upon the amount received.

*Held:* That this provision goverened the compensation a county treasurer was entitled to, where the treasurer was directed by resolution of the board of supervisors to place to the credit of each of the district school boards its proportionate part of a fund received by the county from the city on account of the school property taken by the city in annexation proceedings, and fixing the compensation of the treasurer at one-fourth of one per cent.

Error to a judgment of the Circuit Court of Henrico county, on a motion for judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

67

The opinion states the case.

*Byrd, Fulton & Byrd, Munford, Hunton, Williams & Anderson, Brockenbrough Lamb* and *Gunn & Mathews,* for the plaintiff in error.

*W. W. Beverley* and *F. T. Sutton, Jr.,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

In outline, the facts material to a proper review of the judgment complained of on this writ of error are as follows: In the year 1914, in legal proceedings instituted for that purpose, part of the territory of Henrico county was annexed to the city of Richmond. Of the sum decreed to be paid by the city to the county in compensation for the land and property taken, $133,158.63 was the ascertained value of certain property held by several of the district school boards of the county. The entire amount due by the city for all territory and property taken over was decreed to be paid to the county, and was received by Henry C. Hechler, county treasurer, by virtue of that decree. By resolution of the board of supervisors the treasurer was directed to place to the credit of each of the district school boards its proportionate part of the fund received by the county from the city on account of the school property taken and the school indebtedness assumed by the latter in the annexation proceedings. The treasurer, after deducting a commission of five per cent. on the first $25,000 and three and one-half per cent. on the residue, deposited the remainder of the $133,158.63 to the credit of the respective district school boards. The county school board, pursuant to authority vested in it by section 1449 of the Code, fixed the compensation of the treasurer for the foregoing ser-

vice at one-fourth of one per cent. Subsequently, the school board of one of the districts brought its motion against Hechler, former treasurer (his term of office having expired), suing at the relation of the successor in office of the retiring treasurer, to recover its proportion of the difference between the rate of commission fixed by the county school board and the higher commission retained by Hechler.

This motion was dismissed on demurrer, the trial court holding that there was no statutory warrant in such case for that form of procedure. Thereupon, the present motion was brought in the name of L. H. Kemp, treasurer of Henrico county (successor in office of Henry C. Hechler, former treasurer), suing at the relation of and for the use of all the district school boards interested in the controversy, against Hechler, former treasurer, and the National Surety Company, a corporation, surety on his official bond, to recover the alleged excess of commissions. Hechler interposed a general demurrer to the motion, which was overruled, and the case continued. Before the next calling of the case Hechler died, and the motion was revived against his executrix. On her motion, the previous order overruling the demurrer was set aside, and leave was granted to her to file a demurrer, which was likewise overruled, and also the motion of the National Surety Company to dismiss the motion as to it. The trial on the merits resulted in a verdict for the plaintiffs, upon which the judgment under review was rendered.

The two questions that claim our attention are: (1) Have defendants in error (plaintiffs below) adopted the proper procedure, and (2) To what commission was the treasurer entitled in the circumstances narrated?

1. The solution of the first proposition depends upon the scope and correct interpretation of section 862 of the Code,

read in connection with section 865. Both sections are found in chapter 37, which deals with the duties of county and city treasurers, and prescribes remedies against them and their bondsmen for the breach of such duties. The two sections bear reciprocal relations to each other, and to some extent are interdependent. In these circumstances they must be considered together to maintain congruity of construction and to make the provisions of both effectual. For it is a general rule of construction of statutes that, as far as practicable, whatever is necessary to give them efficiency should be supplied.

We quote so much of section 862 as bears upon this controversy: "He (the county treasurer) shall receive the county levy in the manner prescribed for the receipt of the State revenue, and shall * * * settle with said supervisors his account for that year; and out of the balance shown to be in his hands upon said settlement he shall at once pay all warrants drawn on the levy for that year not previously paid * * * and when his term of office expires, or if he die, resign, or be removed from office, he, upon the expiration of his term of office, resignation, or removal, or his personal representative upon his death, shall immediately make such settlement, showing the amount in his hands to be accounted for, and the fund to which the same belongs, and deliver to his successor all bonds, books and papers belonging to his office, *and all money belonging to the county.*" Italics supplied.

We also quote from section 865 what is pertinent to this inquiry: "For every breach of the condition of the bond of the treasurer * * * either in failing to account for and pay into the treasury all taxes due from him to the State, or to pay over to his successor all moneys required by section eight hundred and sixty-two to be paid to his successor in office when he goes out of office, suit may be

brought against such treasurer and his sureties on his official bond in the first case * * * for the use of the State, or in the second case, at the relation of his successor, for the use of the city, county, district, county school board, or district school board, as the case may be, or the same, together with damages and costs as prescribed by section eight hundred and sixty-three, may be recovered by motion in said courts. A motion under this section shall be after at least five days' notice, and when on behalf of the Commonwealth, shall be in the name of the Commonwealth, and in all other cases in the name of the successor in office of such treasurer."

As we have seen, the entire fund arising out of the annexation proceedings was decreed by the circuit court to be paid to the county of Henrico; and by that decree was impressed with the character of money belonging to the county. Such fund is, therefore, in terms included in section 862, by the designation of *"all money belonging to the county,"* and was recoverable on motion under section 865.

Notwithstanding its title to the whole fund, the county recognized the fact that the part of it which represented the purchase price of county school property should be apportioned among the several district school boards in just proportion; and by its board of supervisors directed the treasurer to place to the credit of each its share of the fund. The duty imposed by this resolution was recognized by the treasurer and duly performed, except with respect to the alleged excess of commissions retained by him. We have no doubt of the propriety of the foregoing apportionment, or of the authority of the board of supervisors to direct it. In the absence of such apportionment, unquestionably the failure of the treasurer to pay over this money to his successor in office would have been a breach of official duty for which he and his surety would have been liable, and which would have been recoverable for the use of the county by motion

in the mode prescribed by section 865. And it is equally clear that after apportionment, it was so recoverable for the use of the several district school boards. The language of section 865 is too plain to call for construction. It declares, in such cases, that the motion shall be brought "at the relation of his successor, for the use of * * * the county, district, county school board, or district school board, as the case may be. * * *" The fund in dispute being moneys required by section 862 to be paid by the retiring treasurer to his successor in office, we should have to strike out of section 865 the words, "the district school board" to sustain the contention of plaintiffs in error. The statute is remedial, and even if doubtful should be liberally construed in furtherance of the remedy. But it is too plain to render the application of this rule of construction necessary.

2. This brings us to a brief consideration of the question of the amount of commission to which the treasurer was entitled.

We are of opinion that section 1449, as amended by Acts 1908, controls the question of the amount of commissions which he had the right to retain for handling the school funds in annexation proceedings. Before the amendment, the then Attorney General of the Commonwealth, Hon. William A. Anderson, was called on by the superintendent of public instruction to advise him to what commission, if any, the county treasurer was entitled for receiving and disbursing the fund in circumstances identical with those existing in the present case. For reasons stated in his letter of December 30, 1907, he gave it as his opinion that no provision was found in the statutes on the subject, and that it was "*casus omissus* in the laws." See Annual Rep. of the Attorney General (1908), pp. 22, 23. Following that opinion, the legislature in 1908 amended section 1449, presumably to supply the omission to which the Attorney General had drawn attention. The amendment of section 1449

omitted the words "by the provisions of this chapter," and substituted the words "placed under the control of a county or district school board." The original section provided what commissions a treasurer should receive for handling school funds placed in its hands "by the provisions of this chapter" and did not include moneys arising from annexation proceedings, while the added words included funds paid for school property taken in such proceedings, and section 1449, as amended, fixed the commission of the treasurer for services in such case. Accordingly, the same learned Attorney General, replying to a similar letter from the Superintendent of Public Instruction, in the Campbell county annexation case, under date February 1, 1909, replied: "It seems to me that section 1449 of the Code, as amended by the act of March 14, 1908, Acts 1908, p. 553 (compilation of Virginia School Laws, section 88, p. 25) governs the question of the compensation to be allowed the treasurer of Campbell county for receiving and disbursing the $5,000.00 turned over to him by the treasurer of Lynchburg on account of the value of the school buildings in that portion of Brookville district of Campbell county which has been recently annexed to that city. * * *" See Annual Reports of the Attorney General, 1903-1913 (1909), p. 39.

In the light of the history of the amendment of section 1449 by the act of 1908, we cannot doubt the correctness of the learned Attorney General's conclusion, that the amended section controls the question of the treasurer's commissions in the instant case.

The amended section reads: "Section 1449. *Duties of county treasurer as to school funds: his pay.*—The county treasurer shall, in all cases, collect and disburse or invest the funds placed under the control of a county or district school board and all moneys coming into the hands of said boards in accordance with the direction of the board controlling the fund, and, unless otherwise specially provided;

shall receive such compensation as the county school board may determine: provided, that the same shall not be more than one per centum upon the amount received. For the proper application of all such funds he and his sureties upon his official bond shall be liable." Acts 1908, p. 553.

The county school board in exercise of authority vested in it by the above section, fixed the commissions at one-fourth of one per cent.; and the verdict and judgment under review were for the difference between the commissions retained by the treasurer and those allowed by the county school board.

The conclusion having been reached that the judgment on these controlling issues is plainly right, it is unnecessary to notice subordinate assignments of error, which in no event could affect the result.

*Affirmed.*